

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00889-CR

The **STATE** of Texas,
Appellant

v.

Eduardo Hernandez **LEYVA**,
Appellee

From the County Court, Kinney County, Texas
Trial Court No. 13941CR
Honorable Dennis Powell, Judge Presiding

Opinion by:     Lori I. Valenzuela, Justice

Sitting:        Rebeca C. Martinez, Chief Justice
                Beth Watkins, Justice
                Lori I. Valenzuela, Justice

Delivered and Filed: July 24, 2024

AFFIRMED

The State of Texas appeals the trial court's order granting Eduardo Hernandez Leyva's requested habeas relief and dismissing his criminal case with prejudice. We affirm.

## BACKGROUND

On March 6, 2021, Governor Greg Abbott directed the Texas Department of Public Safety ("DPS") to initiate Operation Lone Star ("OLS") and "devote additional law enforcement resources toward deterring illegal border crossing and protecting [] border communities." He further directed "DPS to use available resources to enforce all applicable federal and state laws to

prevent criminal activity along the border, including criminal trespassing, smuggling, and human trafficking, and to assist Texas counties in their efforts to address those criminal activities."

As part of OLS, Leyva, a noncitizen, was arrested for criminal trespass on October 12, 2022, in Kinney County. On October 18, 2022, Leyva filed an application for writ of habeas corpus seeking dismissal of the criminal charge, arguing his rights had been violated under the Constitution's Equal Protection Clause and the Texas Constitution's Equal Rights Amendment. *See* U.S. CONST. amend. XIV; TEX. CONST. art. I, § 3(a). Specifically, Leyva argued that the State's selective enforcement[1] of criminal trespass against men, and not similarly situated women, as part of OLS violated his constitutional rights. The trial court granted the writ and set the matter for an evidentiary hearing on November 18, 2022.

At the hearing, the trial court heard the merits of Leyva's pretrial habeas claim, along with twenty-one other cases, all filed on selective enforcement grounds. We described the evidence presented at this hearing in a previous opinion, *State v. Gomez*, — S.W.3d —, No. 04-22-00872-CR, 2023 WL 7552682, at *1–4 (Tex. App.—San Antonio Nov. 15, 2023, pet. filed), as both the habeas claim in *Gomez* and the habeas claim in the instant case were heard at the same time. After considering the evidence presented at the hearing, on December 21, 2022, the trial court found that Leyva had presented a prima facie selective-enforcement claim on the basis of equal protection and further found that the State had not met its burden of justifying the discriminatory treatment.

---

[1] The terms "selective prosecution" and "selective enforcement" are sometimes used interchangeably, although they are distinct claims. *See Ex parte Marcos-Callejas*, — S.W.3d —, No. 04-23-00327-CR, 2024 WL 2164653, at *2 (Tex. App.—San Antonio May 15, 2024, no pet. h.) (citations omitted). Here, while Leyva's pretrial habeas application sought dismissal on "selective-prosecution" grounds, the evidence Leyva presented in his application and at the hearing shows that under OLS, law enforcement officers arrested and charged men, but not women, for criminal trespass—evidence that indicates Leyva was asserting a selective-enforcement claim. *See id*. at *2–3 & n.2. Moreover, the trial court, in its order granting Leyva habeas relief, found that Leyva was "the target of selective enforcement" and that "the unconstitutional prosecution is fully implemented at the level of arrest of only male suspects." We therefore conclude that Leyva effectively presented a selective-enforcement claim and that the trial court construed his claim as one for selective enforcement, and we will refer to his claim as a selective-enforcement claim. *See id*. at *3.

Consequently, the trial court granted Leyva's requested relief and "order[ed] the criminal prosecution against Applicant be dismissed with prejudice." The State appealed.

## DISCUSSION

In its brief, the State argues the trial court erred in granting relief on Leyva's selective-enforcement equal protection claim for the following three reasons: (1) his claim is not cognizable in a pretrial habeas proceeding; (2) he did not present a prima facie case of selective-enforcement on the basis of a violation of his equal protection rights; and (3) the State met its burden of showing its policy passes "the strictest of scrutiny." These are the same arguments brought by the State in *Gomez*, 2023 WL 7552682, at *4. For the reasons enunciated in *Gomez*, we hold that Leyva's claim is cognizable in a pretrial habeas proceeding, that the trial court did not abuse its discretion in determining that Leyva met his burden of showing a prima facie claim for selective enforcement on the basis of gender discrimination, and that the trial court did not abuse its discretion in determining that the State had not met its burden to justify its discriminatory conduct under either strict scrutiny (Leyva's state claim) or intermediate scrutiny (Leyva's federal claim). *See id*. at *4–6; *Ex parte Marcos-Callejas*, — S.W.3d —, No. 04-23-00327-CR, 2024 WL 2164653, at *3–4 (Tex. App.—San Antonio May 15, 2024, no pet. h.); *Ex parte Aparicio*, 672 S.W.3d 696, 716 (Tex. App.—San Antonio 2023, pet. granted). Therefore, we affirm the trial court's order granting Leyva habeas relief and dismissing his criminal case with prejudice.

Lori I. Valenzuela, Justice

DO NOT PUBLISH